Fred K. RUMFORD, Plaintiff–Appellee,

v.

PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION and the Board of Trustees of the Public Employees' Retirement Association, Defendants–Appellants.

No. 93CA1064.

Colorado Court of Appeals, Div. II.

Sept. 22, 1994.

Cooper & Kelley, P.C., John E. Clough, Denver, for plaintiff-appellee.

Hamilton and Faatz, P.C., Gregory W. Smith, Dwight A. Hamilton, Denver, for defendants-appellants.

Opinion by Judge TAUBMAN.

Public Employees' Retirement Association (PERA) and the Board of Trustees of PERA (Board) appeal from a district court judgment entered in favor of plaintiff, Fred K. Rumford. That judgment reversed the Board's determination that, for the purpose of calculating retirement benefits, plaintiff's salary did not include certain increases received in the last two years of his employment. We reverse the judgment and remand for reinstatement of the Board's order.

Under plaintiff's theory, the entire amount of those salary increases should be considered in determining his PERA retirement benefits, thereby entitling him to $2,127.86 monthly, rather than the $1,856.07 monthly determined by the Board. The issue presented here is whether most ʳ of plaintiff's salary increases were for services actually rendered, and thus to be considered by PERA, or were an inducement for early retirement, in which case they would not be so considered.

Plaintiff was a professor at the University of Northern Colorado from 1965 until his retirement in December 1991. In 1989 he proposed to the university that he would retire at the end of the fall 1991 semester, when he would have 30 years of service credit. He asked for leave with pay for the spring 1991 semester and the option to teach during the fall semesters in 1992, 1993, and 1994. Plaintiff's retirement proposal was made in express contemplation of his receiving his desired "highest average salary" for his last three years of service credit, since such "highest average salary" is a significant component of the formula for determining the level of PERA retirement benefits. *See* § 24–51–601, et seq., C.R.S. (1988 Repl.Vol. 10B); § 24–51–101(25)(a)(I), C.R.S. (1988 Repl.Vol. 10B) (highest average salary defined).

The university did not agree to the leave with pay, but offered to increase his salary by 15 percent for the fall 1990 and summer and fall 1991 semesters. That arrangement effectively provided compensation equivalent to the denied leave with pay. Those terms were incorporated into a "Retirement Agree-

ment" signed by plaintiff and the university in September 1990.

In August 1990 and June 1991, plaintiff and the university also signed separate annual employment contracts which described his responsibilities and included 15 percent salary increases.

After plaintiff's retirement, the PERA administrative review panel, and subsequently the Board, determined that his salary for purposes of calculating retirement benefits should not include the entire 15 percent increases received in 1990 and 1991. The Board determined that a substantial part of those increases was "expressly paid in consideration for petitioner's agreement to retire on December 31, 1991." It also concluded that these increases "were not paid for teaching or related services, but as a bonus in the nature of retirement inducement." Accordingly, the board ruled that plaintiff's salary increases as set forth in his retirement agreement were not salary for PERA purposes and should be excluded from his salary to the extent they exceeded increases reflected in the university's "faculty salary model."

Plaintiff filed a complaint for judicial review of the Board's decision, and the district court reversed, concluding that the Board had exceeded its jurisdiction by making erroneous conclusions of law.

The Board now contends that the salary determination was not in excess of its jurisdiction or an abuse of discretion. We agree.

■ Under C.R.C.P. 106(a)(4), a governmental decision may be set aside if the governmental body has abused its discretion or exceeded its jurisdiction. An abuse of discretion occurs when there is no competent evidence in the record to support the decision. *Ross v. Fire & Police Pension Ass'n,* 713 P.2d 1304 (Colo.1986).

For the purpose of calculating retirement benefits, PERA has authority to determine factually the "salary to be used in calculations" under its governing statute. Section 24–51–205(1), C.R.S. (1988 Repl. Vol. 10B); *Public Employees' Retirement Ass'n v. Stermole,* 874 P.2d 444 (Colo.App.1993).

In pertinent part, § 24–51–101(42), C.R.S. (1988 Repl.Vol. 10B) defines "salary" as:

compensation for services rendered to an employer and includes: Regular salary or pay; any pay for administrative, sabbatical, annual, sick, vacation, or personal leave.... Salary does not include ... bonuses for services not actually rendered, including but not limited to early retirement inducements....

■ The Board's authority to determine salary for PERA purposes does not conflict with the university's authority to set the compensation for its faculty. *See* § 23–50–103, C.R.S. (1988 Repl.Vol. 9). The university may set compensation for its faculty, but the Board must determine whether that compensation is for services actually rendered to the university or is an inducement for retirement, and otherwise meets the statutory definition of salary for PERA purposes. *See Public Employees' Retirement Ass'n v. Stermole, supra.*

■ Accordingly, we reject plaintiff's contention that because he initiated discussions with the university indicating he was going to retire before a salary increase was ever discussed, the Board could not determine that his salary increases were early retirement inducements.

■ In *Stermole,* a division of this court held that the PERA board properly found that a continuing education entity was not an employer under the PERA statute for purposes of calculating salary. Here, the question is whether the record supports the PERA board's determination that plaintiff's salary increases in excess of the faculty salary model were not for services actually rendered but were bonuses in the nature of an early retirement inducement. We hold that it did.

The Board's findings and conclusions as to plaintiff's salary are supported by competent evidence in the record and are consistent with the statutory definition. The Board had authority to weigh the evidence before it to determine that the excess increases were consideration for plaintiff's agreement to retire and not for the services he performed during the last two years of his employment.

Particularly, there was evidence that the university had developed a "faculty salary model" for guidance in setting salaries. Al-

though the model was not always followed, a university memorandum listed three criteria for deviation from the model—additional summer work, individual market adjustments in selected academic fields, and service exceeding the scope of the regular contract.

Additionally, there was evidence from which the Board could conclude that plaintiff did not meet those listed criteria. His responsibilities during the last two years were similar to those in prior years. Furthermore, there was evidence that plaintiff was not benefiting from an individual market adjustment when he negotiated his Retirement Agreement.

Rather, the Retirement Agreement stated that the parties' mutual promises, including the increases, were made in consideration of plaintiff's interest in seeking retirement, although the 1991 increase was also given "in return for the above teaching responsibilities."

Thus, because there is competent evidence in the record to support the Board's determination, its order must be upheld.

The judgment of the district court is reversed, and the cause is remanded for reinstatement of the Board's order.

CRISWELL and MARQUEZ, JJ., concur.